IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEOPOLDO CERDA, #1141406, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2037-P |
| | ) | ECF |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of the Case: Following his plea of not guilty, a jury found Petitioner guilty for the offense of delivery of a controlled substance. Punishment was assessed at thirty years imprisonment. State v. Cerda, No. F02-254103-Q (204th District Court, Dallas County Dec. Dec. 13, 2002). The Court of Appeals affirmed his conviction. Cerda v. State, No. 03-03-00034-CR (Tex. App., Austin Dec. 18, 2003, no pet). Although Petitioner was granted an

extension to file his petition for discretionary review (PDR), he failed to file the same. See Jan. 7, 2004 Order of the Court of Criminal Appeals granting an extension to file PDR, and May 20, 2004 docket entry reflecting that no PDR had been filed. See Cerda v. State, No. PD-0039-04, www.cca.courts.state.tx.us/opinions/case.asp?FilingID=222908 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).[1]

On May 18, 2005, Petitioner filed an application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure. Ex parte Cerda, No. WR-63,409-01, at 2. The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on September 14, 2005. Id. at cover.

Thereafter, on October 14, 2005, Petitioner filed the instant federal petition for writ of habeas corpus. (Pet. at 1). In four grounds of error, he asserts the evidence was legally and factually insufficient to support his conviction, and he is actually and factually innocent of the charge.[2]

In response to this Court's order to show cause, Respondent filed an answer seeking dismissal of the petition as time barred and, alternatively, denial on the merits. Petitioner has not filed a reply.

---

[1] The order of extension is not part of the state court record. Nevertheless, the Clerk of the Texas Court of Criminal Appeals informed this Court telephonically that the January 7, 2004 Order granted Petitioner until March 22, 2004 to file a PDR and that no further extension would be granted.

[2] For purposes of this recommendation, the petition is deemed filed on October 11, 2005, the date Petitioner signed it and presumably placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

2

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on March 22, 2004, the last day on which Petitioner could have filed a PDR with the Texas Court of Criminal Appeals according to the order of extension filed January 7, 2004. Therefore, the one-year period began to run on March 23, 2004,

3

the day after Petitioner's conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on March 22, 2005. Petitioner did not file this federal habeas petition until October 11, 2005, more than six months after the running of the one-year limitation period. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year limitation period. Flanagan, 154 F.3d at 202. Petitioner did not file his state application until May 18, 2005, almost two months after the expiration of the one-year limitation period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas petition did not toll one-year limitation period where it was filed after one-year period had expired). Therefore, the federal petition is time barred unless the Court tolls the limitation period on equitable grounds.[3]

Petitioner does not rely on the doctrine of equitable tolling. Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. Davis v. Johnson, 158 F.3d 806, 810-

---

[3] The federal petition would be time barred even if the Court presumes that Petitioner's conviction became final at the very latest on May 20, 2004, the day on which the Texas Court of Criminal Appeals noted on its docket that Petitioner had failed to file a PDR. Under this scenario, the one-year limitation period begin to run on May 21, 2004. As of May 18, 2005, the date on which the Dallas County District Clerk filed the art. 11.07 application, see Ex parte Cerda, No. WR-62,409-01, at 2, 362 days of the one-year limitation period had elapsed. The state application remained pending until September 14, 2005, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir.1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.1998). The one-year period resumed running on September 15, 2005, and expired three days later on September 17, 2005, twenty-four days before Petitioner filed the federal petition in this case. Therefore, the federal petition is clearly time barred absent equitable tolling.

4

11 (5th Cir. 1998).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity."  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).

Petitioner delayed the filing of his art. 11.07 application by almost fourteen months after his conviction became final.  Following the denial of his state application, Petitioner delayed an additional 27 days before submitting this federal petition for filing.

Petitioner provides no explanation for the nearly fourteen-month delay between the date his state judgment of conviction became final, and the date he filed his state habeas application.  Such unexplained delay makes the circumstances of this case not extraordinary enough to qualify for equitable tolling.  See Coleman, 184 F.3d at 403 (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); Basalo v. Cockrell, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003).  "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards."  Basalo, 2003 WL 21653864, *4.  "[E]quity is not intended for those who sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons the Magistrate Judge recommends that the District Court dismiss with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 11th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.